**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRILLIUM MEDICAL EDUCATION CONSULTANTS, INCORPORATED, a corporation incorporated under the laws of the Province of Ontario, <br><br>              Plaintiff, <br><br>      v. <br><br> UNISERV CORP., d/b/a Caribbean Medical Univ., an Illinois Corporation, <br><br>              Defendant. | CIVIL ACTION <br><br> Case No. 17 cv 01698 <br><br> Judge Harry D. Leinenweber |

**UNISERV CORP.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant UniServ Corp. ("Defendant"), by and through its attorneys, in answer to Plaintiff Trillium Medical Education Consultants, Incorporated's ("TMEC") Complaint, states as follows:

**PARTIES**

1.      TMEC is a corporation incorporated under the laws of the Province of Ontario, with offices in Chicago and Canada. TMEC provides consultation services for medical students.

**ANSWER**:      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies same.

2.      Uniserv Corp. d/b/a Caribbean Medical University is an Illinois corporation, with a United States home office in Chicago, Illinois and with a campus in Curacao. CMU is a United States curriculum-based medical school located on the island of Curacao, which operates under the name of Caribbean Medical School University B.V. on the island of Curacao, which is controlled and managed by Uniserv Corp.

**ANSWER**:      Defendant admits that UniServ Corp. is an Illinois corporation with its principal place of business in Chicago, Illinois. Defendant denies that UniServ has a campus in Curacao. Defendant admits that Caribbean Medical School University B.V. ("CMU") is a United States curriculum-based medical school located on the island of Curacao. Defendant further answers that CMU is a private limited liability company organized and existing under the

laws of Curacao, the Dutch Antilles. Defendant denies that CMU is controlled and managed by UniServ.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is diversity of citizenships between the parties and the amount in controversy exceeds $75,000.00. Further, the Parties have consented to submit to the exclusive jurisdiction and venue of the federal courts within Illinois.

**ANSWER**: Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is diversity of citizenships between the parties and the amount in controversy exceeds $75,000.00. Defendant denies that it has consented to the exclusive jurisdiction and venue of the federal courts within Illinois.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(3) because CMU is subject to the court's personal jurisdiction; CMU maintains an office in this judicial district, and the events relating to this cause of action primarily took place within this judicial district.

**ANSWER**: Defendant admits that venue is proper because it maintains an office in this judicial district. Defendant denies the remaining allegations in Paragraph 4.

## COUNT I: BREACH OF CONTRACT (TMEC AGAINST CMU)

5. TMEC realleges paragraphs one (1) through four (4) as though they were alleged herein.

**ANSWER**: Defendant restates and re-alleges its answers to Paragraphs 1-4 as though fully set forth herein.

6. On or about April 23, 2014 CMU entered into a written, binding, and enforceable affiliation agreement with TMEC (the "Agreement") for clinical clerkship experiences for the students of CMU.

**ANSWER**: Defendant admits to the existence of a April 23, 2014 agreement for clinical clerkship experiences between Defendant and TMEC. Defendant denies the remaining allegations in paragraph 6.

7. Under the terms of the Agreement, TMEC agreed to provide clinical placements of CMU medical students with affiliated preceptors/sites for academic credit.

**ANSWER**: Defendant admits that the Agreement states that TMEC would provide clinical placements of CMU medical students with affiliated preceptors/sites for academic credit, but Defendant denies that the language cited in Paragraph 7 is valid and enforceable.

8. CMU agreed to pay TMEC a fee in exchange for the services described in paragraph seven (7).

**ANSWER**: Defendant admits that the Agreement states that Defendant would pay TMEC a fee in exchange for the services described in paragraph seven (7) of the Agreement, but denies that the language cited in Paragraph 8 is valid and enforceable.

9. TMEC rendered these services and performed all of its obligations under the Agreement.

**ANSWER**: Defendant denies the allegations in Paragraph 9.

10. CMU breached the Agreement by failing to pay TMEC for services under the Agreement.

**ANSWER**: Defendant denies the allegations contained in Paragraph 10.

11. Specifically, CMU owes TMEC for services rendered in the amount of at least $740,560.00.

**ANSWER**: Defendant denies the allegations in Paragraph 11.

12. In addition, and under the terms of the Agreement, CMU agreed not to directly contact preceptors, hospitals, and/or affiliates (with whom TMEC was in contact with in connection with the services it was providing), and further agreed not to make disparaging remarks about TMEC to students and/or other affiliates.

**ANSWER**: Defendant admits that the Agreement states that Defendant would not directly contact preceptors, hospitals, and/or affiliates (with whom TMEC was in contact with in connection with the services it was providing), and would not to make disparaging remarks about TMEC to students and/or other affiliates. Further answering, Defendant denies that the language citied in Paragraph 12 is valid and enforceable.

13. In exchange for promising not to make direct contact with these entities, CMU received, among other things, valuable clinical experience that was for the benefit of its students.

**ANSWER**: The allegations contained in Paragraph 13 are a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in Paragraph 13.

14. CMU breached the Agreement by directly contacting preceptors, hospitals, and affiliates. CMU also breached the Agreement by making disparaging remarks about TMEC to students and other affiliates.

**ANSWER**: Defendant denies the allegations contained in Paragraph 14.

15. CMU's breach of the Agreement has caused significant damage and harm to TMEC in a variety of ways.

**ANSWER**: Defendant denies the allegations contained in Paragraph 15.

16. As a result of CMU's failure to pay TMEC its fee, TMEC has been damaged in the amount of $740,560.00.

**ANSWER**: Defendant denies the allegations contained in Paragraph 16.

17. The Agreement also permits TMEC to recover lost income under the Agreement in the event of CMU's breach. As a result of CMU's breach of the unlawful contact provisions and failure to perform its obligations under the Agreement, TMEC has lost clinical placement income for 2016 in the amount of $891,108.65, premedical income from CMU students for 2016 in the amount of $225,000, and yearly average income from CMU in the amount of $120,000.

**ANSWER**: Defendant denies that the agreement permits TMEC to recover lost income in the event of Defendant's breach. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 and therefore denies same.

18. In addition, the Agreement requires that CMU provide one-year notice to cancel. As a result of CMU's failure to provide this notice, TMEC has lost at least one (1) years' worth of income, or $1,245,000.00.

**ANSWER**: Defendant admits that the Agreement states that Defendant is to provide one-year notice to cancel, but Defendant denies that the language citied in Paragraph 18 is valid

4

and enforceable. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 and therefore denies same.

19. Furthermore, the Agreement prohibits CMU from contacting the "off limits" entities and individuals for a period of two (2) years. TMEC has lost two (2) years of additional income as a result of CMU's failure to adhere to these provisions. This has damaged TMEC in the amount of $1,800,000.00.

**ANSWER**: Defendant admits that the Agreement states that Defendant is prohibited from contacting the "off limits" entities and individuals for a period of two (2) years, but Defendant denies that the language citied in Paragraph 19 is valid and enforceable. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 and therefore denies same.

20. The total amount of monetary damage suffered by TMEC as a result of CMU's breach of the Agreement is $3,785,560.00.

**ANSWER**: Defendant denies the allegations contained in Paragraph 20.

21. As a result of CMU's unlawful contact of preceptors, hospitals, and/or affiliates, money damages, while appropriate, are inadequate to fully remedy the damage caused by the unlawful contact. Furthermore, as previously agreed upon by the parties in the Agreement, CMU's breach as alleged herein has irreparably harmed TMEC. The nature and magnitude of the harms caused by CMU's breach entitle TMEC to permanent injunction enjoining CMU from further contacting these preceptors, hospitals, and/or affiliates.

**ANSWER**: Defendant denies the allegations contained in Paragraph 21.

22. Finally, TMEC has been damaged as a result of the disparaging remarks made by CMU. TMEC is entitled to money damages to be determined at trial to remedy this conduct.

**ANSWER**: Defendant denies the allegations contained in Paragraph 22.

## AFFIRMATIVE DEFENSES

Further answering the Complaint by way of affirmative defenses, and without waiver of its denials, Defendant states as follows:

**First Affirmative Defense: Abandonment of Contract**

UniServ and Trillium have acted inconsistently with the existence of the Agreement since the date of its alleged execution because, among other things:

a. Trillium never inquired whether certain preceptors were acceptable to UniServ;

b. Trillium did not require that all preceptors be staffed or affiliated with a teaching hospital;

c. Contrary to the terms of the Agreement, UniServ paid for Trillium's employee salary and expenses; and

d. UniServ did not pay Trillium Five Thousand Four Hundred and Forty Dollars ($5,440) per student, per semester for Trillium's pre-medical education program; Trillium directly billed all pre-med students and retained one-hundred percent (100%) of student tuition.

Moreover, Trillium and UniServ have never discussed or referenced their alleged obligations under the Agreement at any time prior to Trillium's formal demand to UniServ through its counsel. When UniServ requested that Trillium stop scheduling clinical rotations for CMU students, Trillium did not object or state that Trillium is required to receive one year's advance notice under the Agreement. The course of conduct between UniServ and Dr. Sunny Handa, on behalf of the Handa Medical Group and Trillium, which began in or about November 2012, did not change after the alleged execution of the Agreement.

**Second Affirmative Defense: Lack of consideration for restrictive covenants**

The restrictive covenants identified in Paragraphs 12, 13, 14, 17, 18, 19 and 21 of the Complaint are not supported by consideration and are not enforceable as a matter of law.

6

**Third Affirmative Defense: Lack of legitimate business interest**

The restrictive covenants identified in Paragraphs 12, 13, 14, 17, 18, 19 and 21 are not enforceable as a matter of law because Trillium does not have a legitimate business interest in preventing UniServ from placing CMU medical students with those hospitals and preceptors where Trillium had placed CMU medical students. Moreover, Trillium does not have near-permanent customer relationships with the hospitals and preceptors.

**Fourth Affirmative Defense: Waiver**

Trillium has waived its right to enforce the one-year notice to cancel requirement by acquiescing with UniServ's request in November, 2016 to cease all scheduling of CMU student clinical rotations and agreeing that CMU would begin managing and arranging all clinical rotations.

**Fifth Affirmative Defense: Laches**

Trillium is barred by the doctrine of laches from seeking compensation for the alleged placements of CMU medical students with affiliated preceptors/sites by waiting excessive periods of time to invoice UniServ for the alleged completion of these rotations. In certain instances, Trillium invoiced UniServ more than two (2) years after a rotation had been completed. As a result of Trillium's delay, students who are alleged to have completed the rotations have graduated from CMU and UniServ is not able to verify the alleged completion of the rotation.

**Sixth Affirmative Defense: Offset**

UniServ is entitled to offset any recovery or award to Trillium with the following:

a. UniServ payments to hospitals and preceptors that have notified UniServ that Trillium has not paid its balance for CMU clinical rotations. These hospital and

        preceptors have refused to provide CMU students with clinical rotations until their invoices have been paid and have demanded payment from UniServ;

b.     UniServ tuition credits and refunds provided to CMU students as compensation for payments these students made to Trillium for certain courses and seminars Trillium falsely claimed were a mandatory part of CMU's curriculum;

c.     UniServ payments to Trillium for staff salaries and office expenses, which were not required pursuant to the Agreement;

d.     Damage caused by Trillium's false representations that it offers a CMU premed program that is accredited in Canada. Trillium's false representations led to the Canadian Ministry of Advanced Education sending a cease and desist letter to CMU and listing Caribbean Medical University as an unauthorized medical program on its website. Defendant's damage includes loss of income for students who were dissuaded from attending CMU as well as monetary damages by students asserting claims against CMU as a result of the false promise of receiving medical educational credits and a diploma accredited by the Ministry of Education and Training of Ontario.

WHEREFORE, Defendant UniServ Corp respectfully requests judgment be entered in its favor and against Plaintiff, along with its costs incurred and such other relief as the Court deems just.

                                          Respectfully submitted,

                                          UNISERV CORP., d/b/a Caribbean Medical Univ.

                                          By: /s/ *Benjamin E. Haskin*
                                                   One of Its Attorneys

Nathan H. Lichtenstein, Esq. (ARDC #1655469)
nlichtenstein@agdglaw.com
Benjamin E. Haskin, Esq. (ARDC #6306126)
bhaskin@agdglaw.com
Aronberg, Goldgehn, Davis & Garmisa
330 North Wabash Avenue, Suite 1700
Chicago, Illinois 60611
(312) 828-9600
2011486v6

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of May, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties who have filed an appearance in this lawsuit by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: */s/ Benjamin E. Haskin*
*Attorney for UNISERV CORP., d.b.a. Caribbean Medical Univ.*