UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRILLIUM MEDICAL EDUCATION CONSULTANTS, INC., a corporation incorporated under the laws of the Province of Ontario, | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | Case No.: 17-cv-01698 |
| v. | )<br>) | |
| UNISERV CORP. d/b/a CARIBBEAN MEDICAL UNIVERSITY, an Illinois corporation. | )<br>)<br>)<br>) | |
| Defendant. | | |

**PLAINTIFF'S ANSWER TO UNISERV'S AFFIRMATIVE
DEFENSES AND COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

The Plaintiff, Trillium Medical Education Consultants, Inc. ("TMEC" or "Plaintiff") by and through the undersigned, submits its Answer to Defendant UniServ Corp.'s ("UniServ" or "Defendant") Affirmative Defenses and Counterclaim as follows:

**ANSWERS TO AFFIRMATIVE DEFENSES**

Plaintiff answers Defendant's Affirmative Defenses as follows:

**First Affirmative Defense: Abandonment of Contract**

UniServ and Trillium have acted inconsistently with the existence of the Agreement since the date of its alleged execution because, among other things:

    a.    Trillium never inquired whether certain preceptors were acceptable to UniServ;

    b.    Trillium did not require that all preceptors be staffed or affiliated with a teaching hospital;

1

  c.  Contrary to the terms of the Agreement, UniServ paid for Trillium's employee salary and expenses; and

  d.  UniServ did not pay Trillium Five Thousand Four Hundred and Forty Dollars ($5,440) per student, per semester for Trillium's pre-medical education program; Trillium directly billed all pre-med students and retained one-hundred percent (100%) of student tuition.

Moreover, Trillium and UniServ have never discussed or referenced their alleged obligations under the Agreement at any time prior to Trillium's formal demand to UniServ through its counsel. When UniServ requested that Trillium stop scheduling clinical rotations for CMU students, Trillium did not object or state that Trillium is required to receive one year's advance notice under the Agreement. The course of conduct between UniServ and Dr. Sunny Handa, on behalf of the Handa Medical Group and Trillium, which began in or about November 2012, did not change after the alleged execution of the Agreement.

  **ANSWER**:  The Plaintiff denies every allegation in this first affirmative defense, inclusive of subparts a. through d.

**Second Affirmative Defense: Lack of consideration for restrictive covenants**

  The restrictive covenants identified in Paragraphs 12, 13, 14, 17, 18, 19 and 21 of the Complaint are not supported by consideration and are not enforceable as a matter of law.

  **ANSWER**:  The Plaintiff denies every allegation in this second affirmative defense.

**Third Affirmative Defense: Lack of legitimate business interest**

  The restrictive covenants identified in Paragraphs 12, 13, 14, 17, 18, 19 and 21

are not enforceable as a matter of law because Trillium does not have a legitimate business interest in preventing UniServ from placing CMU medical students with those hospitals and preceptors where Trillium had placed CMU medical students. Moreover, Trillium does not have near- permanent customer relationships with the hospitals and preceptors.

**ANSWER**: The Plaintiff denies every allegation in this third affirmative defense.

**Fourth Affirmative Defense: Waiver**

Trillium has waived its right to enforce the one-year notice to cancel requirement by acquiescing with UniServ's request in November, 2016 to cease all scheduling of CMU student clinical rotations and agreeing that CMU would begin managing and arranging all clinical rotations.

**ANSWER**: The Plaintiff denies every allegation in this fourth affirmative defense

**Fifth Affirmative Defense: Laches**

Trillium is barred by the doctrine of laches from seeking compensation for the alleged placements of CMU medical students with affiliated preceptors/sites by waiting excessive periods of time to invoice UniServ for the alleged completion of these rotations. In certain instances, Trillium invoiced UniServ more than two (2) years after a rotation had been completed. As a result of Trillium's delay, students who are alleged to have completed the rotations have graduated from CMU and UniServ is not able to verify the alleged completion of the rotation.

**ANSWER**: The Plaintiff denies every allegation in this fifth affirmative defense.

**Sixth Affirmative Defense: Offset**

UniServ is entitled to offset any recovery or award to Trillium with the following:

a. UniServ payments to hospitals and preceptors that have notified UniServ that Trillium has not paid its balance for CMU clinical rotations. These hospital and preceptors have refused to provide CMU students with clinical rotations until their invoices have been paid and have demanded payment from UniServ;

b. UniServ tuition credits and refunds provided to CMU students as compensation for payments these students made to Trillium for certain courses and seminars Trillium falsely claimed were a mandatory part of CMU's curriculum;

c. UniServ payments to Trillium for staff salaries and office expenses, which were not required pursuant to the Agreement;

d. Damage caused by Trillium's false representations that it offers a CMU premed program that is accredited in Canada. Trillium's false representations led to the Canadian Ministry of Advanced Education sending a cease and desist letter to CMU and listing Caribbean Medical University as an unauthorized medical program on its website. Defendant's damage includes loss of income for students who were dissuaded from attending CMU as well as monetary damages by students asserting claims against CMU as a result of the false promise of receiving medical educational credits and a diploma accredited by the Ministry of Education and Training of Ontario.

**ANSWER**: The Plaintiff denies every allegation in this sixth affirmative defense, inclusive of subparts a. through d.

### RESPONSE TO PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to the relief requested or to any other relief against Plaintiff, and asks this Honorable Court to deny Defendant's Affirmative Defenses and strike them from the record.

### ANSWER TO COUNTERCLAIM

### Parties

1. UniServ is an Illinois corporation that provides administrative and financial services in the United States on behalf of Caribbean Medical University, B.V. ("CMU"), a private limited liability company organized and existing under the laws of Curacao, the Dutch Antilles. CMU operates a medical school in Curacao.

**ANSWER:** The Plaintiff is without sufficient knowledge to admit or deny the allegations in this paragraph 1.

2. Upon information and belief, Trillium is incorporated under the laws of the Province of Ontario, with offices in Chicago and Canada. Dr. Sunny Handa is the founder and owner of Trillium.

**ANSWER:** The Plaintiff admits the allegations in this paragraph 2.

### Factual Allegations

A. **The Clinical Rotations Agreement**

3. On or about October 29, 2012, Dr. Sunny Handa proposed that Handa Medical Group ("Handa Medical") coordinate and organize clinical rotations for CMU medical students.

**ANSWER:** The Plaintiff admits the allegations in this paragraph 3.

4. Soon thereafter, Dr. Handa was named Dean of Clinical Medicine for CMU and was responsible for the coordinating and arranging of clinical rotations for CMU medical students.

**ANSWER:** The Plaintiff admits that Dr. Handa was named Dean of Clinical Medicine but denies the allegations in this paragraph 4 to the extent they are intended to represent the full and complete responsibilities of Dr. Handa.

5. UniServ and Dr. Handa verbally agreed that Handa Medical would be entitled to receive $300 for each week a CMU medical student completed a clinical rotation (the "Clinical Rotations Agreement") if each of the following conditions were satisfied:

   a. Handa Medical arranged, coordinated, and scheduled the rotation;

   b. Handa Medical paid the hospital and preceptor for the student rotation;

   c. Handa Medical obtained an evaluation from the supervising preceptor for each student rotation and provided that evaluation to either UniServ or CMU;

   d. All rotations were a part of CMU's approved curriculum; and

   e. If the rotation was an evidence-based research rotation, the student would perform research in furtherance of an intended publication.

**ANSWER:** The Plaintiff admits that Handa Medical arranged, coordinated, and scheduled the rotation, admits that Handa Medical obtained an evaluation from the supervising preceptor for each student rotation and provided that evaluation to either UniServ or CMU but denies the remaining allegations in this paragraph 5 and denies

6

the remaining allegations in subsection b, d and e therein.

6. Under the terms of the Clinical Rotations Agreement, UniServ paid: (1) Dr. Handa a salary of $4,000 per month – which was increased to $5,000 per month in or around August, 2013; and (2) the salaries and expenses of all other Handa Medical employees in the approximate amount of $5,000 per month.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 6, inclusive of subparts (1) and (2).

7. Beginning in late 2012, in furtherance of the Clinical Rotations Agreement, Handa Medical began sending invoices to UniServ for the reimbursement of funds advanced to hospitals and preceptors for the placement and completion of clinical rotations by CMU medical students.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 7.

8. Upon information and belief, Handa Medical assigned its interest and obligations under the Clinical Rotations Agreement to Trillium.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 8.

9. On February 27, 2013, Dr. Handa submitted an invoice for the placement of clinical rotations under the name of Trillium. This was the first instance UniServ was notified of Trillium's existence. Trillium's invoice was identical to those previously submitted by Handa Medical, except for the replacement of Handa Medical's logo and contact information with that of Trillium. The fee structure and all other terms of the Clinical Rotations Agreement remained the same.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 9.

10. From and after February 27, 2013, Trillium assumed Handa Medical's rights, benefits, duties, obligations, and responsibilities under the Clinical Rotations

Agreement.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 10.

11. In early 2014, Dr. Handa and Trillium began uploading all of the information necessary to verify the completion of a clinical rotation onto INET, a cloud based computer software. This information included the name of the student, the dates of the rotation, the type of rotation, and the hospital and/or preceptors overseeing the rotation. UniServ also had access to the information Trillium uploaded to INET and relied upon this information to verify the completion of rotations and to make payment to Trillium.

**ANSWER:** The Plaintiff admits the allegations in this paragraph 11.

12. On or about April 23, 2014, Trillium alleges that it and UniServ executed an affiliation agreement (the "Affiliation Agreement"). UniServ has no recollection regarding the alleged execution of the Affiliation Agreement, nor has the Affiliation Agreement ever been referenced or discussed in any subsequent communication between UniServ and Trillium.

**ANSWER:** The Plaintiff admits that it executed the Affiliation Agreement with UniServ but lacks knowledge sufficient to admit or deny whether UniServ has any recollection of the Affiliation Agreement. The Plaintiff denies the remaining allegations in this paragraph 12.

13. Pursuant to the terms of the Affiliation Agreement, Trillium would entitled to receive $300 for each week a CMU medical student completed a clinical rotation if each of the following conditions, among others, were satisfied:

    a. Trillium arranged, coordinated and placed a CMU medical student with a preceptor for a clinical rotation;

    b.    The preceptor was staffed or affiliated with a teaching hospital;

    c.    Trillium obtained a student evaluation form following the completion of the rotation;

    d.    The clinical rotation and clinical experience were in accordance with CMU's approved curriculum.

**ANSWER:** The Plaintiff admits the allegations in this paragraph 13 inclusive of subparts a. through d.

14.    UniServ and Trillium have acted inconsistently with the existence of the Affiliation Agreement since the date of its alleged execution because, among other things:

    a.    Trillium never inquired whether certain preceptors were acceptable to UniServ;

    b.    Trillium did not require that all preceptors be staffed or affiliated with a teaching hospital;

    c.    Contrary to the terms of the Agreement, UniServ paid for Trillium's employee salary and expenses; and

    d.    UniServ did not pay Trillium Five Thousand Four Hundred and Forty Dollars ($5,440) per student, per semester for Trillium's pre-medical education program; Trillium directly billed all pre-med students and retained one-hundred percent (100%) of student tuition.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 14 inclusive of subparts a. through d.

15.    UniServ and Trillium continued to operate under the terms of the

9

Clinical Rotations Agreement after the execution of the alleged Affiliation Agreement. The course of conduct between the parties regarding the placement of and compensation for placing CMU medical students in clinical rotations remained unchanged.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 15.

**B.    UniServ informs Trillium to cease scheduling clinical rotations and identifies discrepancies and irregularities with Trillium invoices**

16.    In November 2016, UniServ informed Trillium to cease scheduling clinical rotations for CMU students.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 16.

17.    UniServ informed Trillium that, effective January 2017, CMU would manage all clinical rotations, and that Trillium could no longer operate the pre-med program under the name of CMU.

**ANSWER:** The Plaintiff denies every allegations in this paragraph 17.

18.    Neither Trillium nor Dr. Handa objected, nor did either state that one year's advance notice was required under the Affiliation Agreement.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 18.

19.    At or around that time, UniServ began reviewing Trillium invoices to determine the balance owed.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny the allegations in this paragraph 19.

20.    UniServ's initial review identified certain discrepancies with Trillium's invoices for clinical rotations, including but not limited to: billing for rotations that had been completed years before; billing for rotations that were not verified by evaluations; duplicate charges for rotations; and billing for rotations without

10

hospital/preceptor information.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny the allegations in this paragraph 20.

21. UniServ also identified over three hundred and twenty-six (326) rotations that had previously been invoiced and paid for which had not been entered into INET, and for which UniServ did not have access to the necessary corroborating information such as hospital/preceptor and date of rotation.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny the allegations in this paragraph 21.

22. Trillium thereafter provided UniServ with some of the missing evaluations for past invoices. At this time, UniServ discovered that some of the evaluations appeared to have been manipulated or falsified. Trillium duplicated the signature page from certain evaluations in order to submit multiple evaluations–and to submit charges for rotations based on those evaluations–from a single evaluation. Upon information and belief, Trillium also falsified preceptor signatures.

**ANSWER:** The Plaintiff admits only that it provided UniServ with missing evaluations. The Plaintiff denies every remaining allegation and inference in this paragraph 22.

23. On February 10, 2017, Trillium, through its attorney, demanded payment for four (4) invoices from 2016 and eleven (11) invoices from 2017 (the "Disputed Invoices") that allegedly total Seven Hundred Forty Thousand Five Hundred and Sixty Dollars ($740,560.00).

**ANSWER:** The Plaintiff admits the allegations in this paragraph 23.

24. UniServ has identified numerous problems and irregularities with the

11

charges identified on the Disputed Invoices, including but not limited to:

    a. Many of the rotations identified on the Disputed Invoices were allegedly completed years before, and it is unclear if UniServ has already compensated Trillium for these rotations;

    b. Trillium charged UniServ for Evidence Based Clinical Research, which was not a part of CMU's approved curriculum and did not produce a required publication. One student who participated in an Evidence Based Clinical Research program also informed UniServ that he did not have any interaction with a preceptor during his clinical research;

    c. Certain students on the Disputed Invoices arranged and paid for their own clinical rotations without the assistance of Trillium;

    d. Many of the rotations were not completed in a teaching hospital.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny what UniServ has identified and what students have informed UniServ; notwithstanding, Plaintiff denies every allegation in this paragraph 24 inclusive of subparts a. through d.

25. In addition, UniServ has requested but not received evaluations for at least one hundred and fourteen (114) of the clinical rotations identified on the Disputed Invoices.

**ANSWER:** The Plaintiff admits the allegations in this paragraph 25.

26. UniServ also has been notified by a number of hospitals and preceptors that Trillium failed to pay their invoices for clinical rotations that were completed years ago. These hospitals and preceptors refuse to provide CMU students with clinical rotations until their invoices are paid, and they have demanded payment from

UniServ. UniServ is paying these overdue balances.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny the allegations in this paragraph 26.

27. UniServ also has learned that Trillium required CMU students to attend and pay for certain courses and seminars by falsely informing the students that the courses were a mandatory part of CMU's curriculum. CMU is providing these students with a credit toward tuition payments as a refund for the Trillium charges.

**ANSWER:** The Plaintiff denies that it required students to attend and pay for certain courses and seminars by falsely informing the students that the courses were a mandatory part of CMU's curriculum, but lacks knowledge sufficient to admit or deny whether CMU is providing a refund.

### COUNT ONE: BREACH OF CONTRACT – The Clinical Rotations Agreement

### COUNT 1 AS TO PLAINTIFF TMEC HAS BEEN DISMISSED BY THE COURT PURSUANT TO TMEC'S MOTION TO DISMISS

### COUNT TWO: BREACH OF CONTRACT- The Affiliation Agreement (in the alternative to Count I)

34. UniServ incorporates by reference Paragraphs 1 through 27 of this Counterclaim and as if they were fully set forth herein.

**ANSWER:** The Plaintiff reasserts its answers to Paragraphs 1 through 27 as if they were fully answered herein.

35. In the event the court finds that the Affiliation Agreement supersedes the Clinical Rotations Agreement, Trillium has breached the Affiliation Agreement.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 35.

36. Trillium has breached the terms and conditions of the Affiliation

Agreement by, among other things:

    a. Failing to place CMU medical students with preceptors who were staffed or affiliated with a teaching hospital;

    b. Failing to ensure preceptors complete student evaluation forms following the completion of the rotation;

    c. Failing to provide clinical rotations which were a part of CMU's approved curriculum; and

    d. Failing to arrange, coordinate or pay for certain rotations for which it seeks compensation from UniServ.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 36 inclusive of subparts a. through d.

37. Trillium's actions identified in Paragraph 25 constitute material breaches of the Affiliation Agreement and entitle UniServ to recover damages.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 37.

38. As a direct and proximate result of Trillium's breaches, UniServ has over-paid Trillium for student rotations in which Trillium was not entitled to receive payment pursuant to the Affiliation Agreement.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 38.

39. UniServ has performed all conditions precedent under the Affiliation Agreement.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 39.

WHEREFORE, Counter-Plaintiff UniServ Corp. respectfully request that this Court enter judgment in its favor and against Counter-Defendant Trillium Medical Education Consultants, Incorporated, for monetary damages to be proven at trial and

such other and further amounts as this Court deems appropriate.

**ANSWER**: The Plaintiff denies that the Defendant is entitled to the relief requested or to any other relief against the Plaintiff, and asks this Honorable Court to dismiss Defendant's counterclaim with prejudice.

### COUNT THREE: UNJUST ENRICHMENT
### (in the alternative to Counts I and II)

40. UniServ incorporates by reference Paragraphs 1 through 39 of this Counterclaim and as if they were fully set forth herein.

**ANSWER:** The Plaintiff reasserts its answers to Paragraphs 1 through 39 as if they were fully answered herein.

41. Dr. Handa founded Trillium to, among other things, coordinate and organize clinical rotations for CMU medical students.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 41.

42. From and after February 2013, UniServ has paid money to Trillium as a reimbursement for funds that Trillium has allegedly spent and incurred in coordinating and arranging the placement of CMU medical student in medical rotations.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 42.

43. UniServ has since discovered that it has reimbursed Trillium for funds that were never spent or incurred by Trillium in coordinating and arranging the placement of CMU medical student in medical rotations.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny what UniServ has discovered, and denies the remaining every allegation and inference in this paragraph 43.

44. UniServ has reimbursed Trillium for rotations for which Trillium never paid the hospital or preceptor and rotations for which Trillium did not coordinate and arrange the placement of a CMU medical student in a medical rotation.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 44.

45. UniServ made payments to Trillium based on the understanding that Trillium had paid for and arranged the medical rotations.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny the allegations in this paragraph 45.

46. Trillium induced UniServ to make payment for past clinical rotations by representing that it had paid for and arranged each medical student rotation for which it sought reimbursement or compensation.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 46.

47. UniServ has been notified by a number of hospitals and preceptors that Trillium failed to pay their invoices for clinical rotations that were completed years ago. These hospitals and preceptors refuse to provide CMU students with clinical rotations until their invoices are paid, and they have demanded payment from UniServ. UniServ is paying these overdue balances.

**ANSWER:** The Plaintiff lacks knowledge sufficient to admit or deny the allegations in this paragraph 47.

48. Trillium's wrongful retention of UniServ's payments is unjust and is to UniServ's detriment because UniServ has provided Trillium with monies to which it is not entitled, and because UniServ may be required to make duplicate payments to hospitals or preceptors and to reimburse CMU students for payments they already made on rotations.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 48.

49. Trillium's retention of UniServ's past payments violates the fundamental principles of justice, equity, and good conscience because Trillium should not be permitted to retain past payments to which they were not, and are not, entitled.

**ANSWER:** The Plaintiff denies every allegation in this paragraph 49.

WHEREFORE, Counter-Plaintiff UniServ Corp. respectfully request that this Court enter judgment in its favor and against Counter-Defendant Trillium Medical Education Consultants, Incorporated, for monetary damages to be proven at trial and such other and further amounts as this Court deems appropriate.

**ANSWER**: The Plaintiff denies that the Defendant is entitled to the relief requested or to any other relief against the Plaintiff, and asks this Honorable Court to dismiss Defendant's counterclaim with prejudice.

Respectfully Submitted,

Vivek Jayaram, Esq.
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603
vivek@jayaramlaw.com
T: 646-325-9855
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on October 20, 2017, I filed a copy of the foregoing using the Court's CM/ECF filing system, which shall serve the following attorney of record electronically:

**Nathan H. Lichtenstein**
Aronberg, Goldgehn, Davis & Garmisa
330 North Wabash
Suite 1700
Chicago, IL 60611-3633
(312) 828-9600
Email: nlichtenstein@agdglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Eli Haskin**
Aronberg Goldgehn
330 N. Wabash
17th Floor
Chicago, IL 60611
(312) 828-9600
Email: bhaskin@agdglaw.com
*ATTORNEY TO BE NOTICED*

Vivek Jayaram, Esq.
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603
vivek@jayaramlaw.com
T: 646-325-9855
Counsel for Plaintiff